**UNITED SHATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

Jonatan Barahona, Hector Hernandez,

      Plaintiffs - Appellees,

v.

Glenn Ingoglia,

      Appellant,

Paradise Tree Service and Landscape Corp.,
William Nieto.

      Defendants – Appellants.

Docket No.: 25-2905

**APPELLANTS' AND DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFFS -APPELLEES' MOTION TO DISMISS THE APPEAL**

**I, GLENN J. INGOGLIA, ESQ.**, an attorney duly admitted to practice law in the United States Court of Appeals for the Second Circuit, United States District Courts for the Southern and Eastern Districts of New York and for the State Courts in New York, do hereby affirm the following to be true, under the penalty of perjury:

1. I have personal knowledge of the facts set forth herein.

2. I represent the Defendants-Appellants, Paradise Tree Service and Landscaping Corp. I also represent myself, Glenn Ingoglia, Pro Se, an Appellant, in the above matter, and limited only to the issue of, if further proceedings, sua sponte, ordered by the lower court, to determine if it should consider potential sanctions as against me, are an abuse of that court's discretion or not.

3.  I submit this Affirmation and accompanying papers, in opposition to the Plaintiffs-Appellees, Motion to Dismiss the Appeal based on jurisdictional grounds as raised in their motion papers and filed with this court.

### Procedural History

4.  A bench trial was conducted by the lower court when I was NOT representing the Defendants-Appellants. The Defendant-Appellant, William Nieto, appeared pro se, and Defendant-Appellant, Paradise Tree Service and Landscape Corp., did not appear as it had not hired new counsel and as a result, defaulted.

5.  I represented the Defendants-Appellants in the lower court action from its inception in late 2021 until February 2024, when I was relieved by the granting of a motion I filed seeking said relief.

6.  In late May 2025, I was rehired by the Defendant-Appellants after the Bench Trial and decision had been initially docketed and entered.  I filed a timely Motion for a New Trial, New Findings, Setting aside the verdict, and other relief, with the lower trial court.

7.  When deciding the motion, the court rendered a scathing Memorandum and Order, with many personal and professional unjustified "criticisms" directed at me, as well as inaccurate recitations of the history of the case.

8.  The Memorandum and Order not only denied all relief requested in my motion but also ordered that the attorneys meet and confer to agree upon a schedule to brief and argue: 1) the Court's potential sua sponte imposition of sanctions against me under Rule 11 and/or 28 USC § 1927 and 2) application for attorney's fees by plaintiffs'

counsel. See Memorandum and Order, attached to Plaintiffs-Appellees' Motion to Dismiss as Exhibit 1.

9.  I filed this appeal, as well as the papers in the lower court, the decisions for which, are being appealed presently.  See the Notice of Appeal, attached to Plaintiffs-Appellees' Motion to Dismiss as Exhibit 2.


**Budinich v. Becton, Dickinson & Co., 486 U.S. 196, 200-02 (1988)**

10. The motion to dismiss filed by Plaintiffs-Appellees' should be denied based on the holding in <u>Budinich v. Becton, Dickinson & Co.</u>, 486 U.S. 196, 200-02 (1988).

11. The issue presented by Plaintiffs-Appellees' motion is whether the appellate court lacks subject matter jurisdiction over all issues in the appeal, absent a final determination regarding the issues of counsel fees and sanctions, which are also being appealed.

12. The Appellant and Appellants-Defendants contend that the holding in <u>Budinich</u>, confers jurisdiction upon the appellate court even when counsel fees have not been finalized, as in this case.  For the same reasons, as delineated in <u>Budinich</u>, the appellate court has jurisdiction even when the issue of sanctions has not been finalized, as in the case at bar.

13. In summary, <u>Budinich</u> gives authority and jurisdiction to the appellate court to decide all issues even when issues not part of the merits, are not finalized, such as counsel fees.  The Appellant and Appellants-Defendants contend, as was held in <u>Budinich</u>, that counsel fees are not part of the merits of this case. We further contend that the issue of sanctions is also not part of the merits, and therefore, is collateral, and the absence

of a final determination does not divest the appellate court of jurisdiction to rule on all issues.

14. In <u>Budinich v. Becton, Dickinson & Co.</u>, the Court held that Federal law governs the question of appealability and Petitioner's judgment on the merits was final and appealable when entered as a matter of federal law under § 1291 even though the recoverability or amount of attorney's fees for the litigation remained to be determined. <u>Id</u>. 486 U.S. 196, 200-02 (1988), 201-02.

15. Justice Scalia wrote the Court's Decision and stated, "As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of "costs" awarded to the prevailing party, *see* 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2665 (1983), which are not generally treated as part of the merits judgment, *cf.* Fed. Rule Civ. Proc. 58 ("Entry of the judgment [201] shall not be delayed for the taxing of costs"). Many federal statutes providing for attorney's fees continue to specify that they are to be taxed and collected as "costs," *see Marek v. Chesny,* <u>473 U. S. 1</u>, <u>473 U. S. 43</u>-48 (1985)." <u>Budinich</u>, 486 U.S. 196, 200-02 (1988).

16. In the case at bar, Appellants contend that this case is in line with <u>Budinich</u> in that, Appellants were correct in not waiting for a final determination as to the amount or whether counsel fees were to be granted and for the same reasons were correct in not delaying filing an appeal regarding the issue of sanctions.

17. The sanction issue, appellants contend are analogous to the counsel fees issues, in that, the sanction issue does not relate to the merits of the case and is a collateral issue which does not remedy the issue giving rise to the action. Consequently, sanctions may also be considered akin to counsel fees and treated similarly to costs, which are to be taxed and collected as such and should not delay the entry of judgment and right to appeal.

18. For the same reasoning, as above, Appellant/Appellants-Defendants also contend that issues of counsel fees and sanctions should not be separated from the current appeal and remanded to the lower court because the lower court has ruled that it is divested jurisdiction over these issues in favor of the appellate court as the lower court reasoned the issues of counsel fees and sanctions are issues of the current appeal.

19. On January 13, 2026, after the filing of this appeal, District Court Judge, Gary R. Brown, E.D.N.Y., issued the ruling appearing below. In summary, Judge Brown, determined the District Court, due to the pending appeal, was divested of jurisdiction over the same issues raised by Plaintiffs-Appellees' counsel in their motion to dismiss. Judge Brown, held:

> "ORDER denying [106] Motion for Extension of Time to File; denying [107] Motion to Dismiss; denying [105] Pre-motion conference concerning a motion for recusal, with leave to renew DE [105], [106], [107] upon resolution of defendants' appeal Counsel for defendants filed a Notice of Appeal dated November 7, 2025. DE 104. Recently, the Second Circuit held: The filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed. *Doe v. Waltzer*, 2025 WL 733188, at *2 (2d Cir. Mar. 7, 2025); *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (The filing of a notice of appeal is an event of jurisdictional significance it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.). Upon careful review of the above-referenced applications as well as the letter responses to the undersigned's Order dated

**11/20/2025, DE 108 and DE 109, the Court finds that the issues raised in the above referenced motions are the subject of the pending appeal and therefore the Court is divested of jurisdiction over these matters pending resolution of defendants' appeal. Accordingly, the above referenced motions are denied without prejudice and with leave to renew, if appropriate, upon resolution of defendants' appeal. All deadlines and motion practice in this case are stayed pending resolution of the appeal. Ordered by Judge Gary R. Brown on 1/13/2026. (LJ), 2:21-cv-05400-GRB-LGD" Barahona v. Paradise Tree Service and Landscape Corp. et ano., 2:21-cv-05400-GRB-LGD (E.D.N.Y.) 2026. See Order attached hereto as Exhibit "A."**

20. **Moreover, attorney for Plaintiffs-Appellees supported this ruling in a letter contained in the lower court's docket (DE 108) when he stated, "Here the issues raised by the parties following the filing of the notice of appeal are all related to the order being appealed. Therefore, we respectfully request that all deadlines and motion practice be stayed pending resolution of the appeal." See Plaintiffs-Appellees' Letter filed on November 25, 2025, DE 108, District Court Docket No. 2:21-cv-05400-GRB-LGD, E.D.N.Y., as Exhibit "B."**

21. **Consequently, the holding in Budinich, bestows jurisdiction on this court to determine all issues appealed, despite the issues of counsel fees and sanctions, lacking final determination.**

22. **Therefore, the Appellant and Appellants-Defendants, respectfully request the motion to dismiss filed by Plaintiffs-Appellees, be denied in its entirety.**

**WHEREFORE, I respectfully request that this Court deny Plaintiffs-Appellees' Motion to Dismiss, in its entirety, along with such other and further relief as this court deems just and proper.**

**Dated: March 14, 2026**
**Island Park, NY**

**Respectfully Submitted,**

**_____/s/_____**
**Glenn J. Ingoglia (GI 1655)**
**The Law Office of Glenn J. Ingoglia**
**Attorney for Appellant/Appellants-Defendants**
**104 Long Beach Road**
**Island Park, NY 11558**
**(516) 432-0500 - Telephone**
**glenn@ingoglialaw.com**