# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 2025-2905

Motion for: EMERGENCY MOTION

1) Relieve Appellant as counsel; 2) Temp. Stay Action

3) Extend time to file Briefs, 4) Other relief as deemed just

Set forth below precise, complete statement of relief sought:

Emergency Motion per Local R. 24.1(d)(1) for:

1) Relieve appellant as counsel for defts-appts, Paradise

and Nieto, 2) Stay Action 3) Extend time for Appellant

and defendants-appellants to file briefs, 4) other

and further relief as court deems just and proper

**Caption [use short title]**

JONATHAN BARAHONA, HECTOR HERNANDEZ,

Plaintiffs-Appellees,

v.

GLENN J. INGOGLIA,

Appellant,

PARADISE TREE SERVICE AND LANDSCAPE CORP., WILLIAM NIETO

Defendants-Appellants

MOVING PARTY: Glenn J. Ingoglia, Esq.

OPPOSING PARTY: Jonathan Barahona, Hector Hernandez

- [ ] Plaintiff
- [ ] Defendant
- [x] Appellant/Petitioner
- [ ] Appellee/Respondent

MOVING ATTORNEY: Glenn J. Ingoglia, Esq.

OPPOSING ATTORNEY: Steven J. Moser, Esq.

[name of attorney, with firm, address, phone number and e-mail]

104 Long Beach Road

Island Park, NY 11558

516-298-6279  glenn@ingoglialaw.com

453 W. Main Street

Huntington, NY 11743

631-759-9766  steven.moser@moserlawfirm.com

Court- Judge/ Agency appealed from: E.D.N.Y. - GARY R. BROWN, USDJ

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
- [x] Yes
- [ ] No (explain): _____

Opposing counsel's position on motion:
- [ ] Unopposed
- [ ] Opposed
- [x] Don't Know

Does opposing counsel intend to file a response:
- [ ] Yes
- [ ] No
- [x] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  [x] Yes  [ ] No

Has this relief been previously sought in this court?  [ ] Yes  [x] No

Requested return date and explanation of emergency: 05/12/2026

Deft.-Appt. , Nieto relieved signed a consent relieving me as counsel;; Req stay for Deft.-Appt. to retain new counsel or prepare and submit brief; also request extension of time to file briefs for appellant and defendants-appellants, Nieto and Paradise Tree Service-emergency due to death in immediate family, etc.

Is the oral argument on motion requested?  [ ] Yes  [x] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  [ ] Yes  [x] No  If yes, enter date: _____

**Signature of Moving Attorney:**

_____  Date: 05/07/2026  Service : [x] Electronic  [x] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

## UNITED SHATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| | **EMERGENCY MOTION** |
| Jonatan Barahona and Hector Hernandez, | |
| Plaintiffs - Appellees, | **Docket No.: 25-2905** |
| v. | **APPELLANT'S AFFIRMATION IN SUPPORT OF APPELLANT'S EMERGENCY MOTION TO BE RELIEVED AS COUNSEL AND EXTENSION OF TIME TO FILE BRIEFS, AND FOR OTHER RELIEF** |
| Glenn Ingoglia, | |
| Appellant, | |
| Paradise Tree Service and Landscape Corp., William Nieto, | |
| Defendants – Appellants. | |

I, GLENN J. INGOGLIA, ESQ., an attorney duly admitted to practice law in the United States Court of Appeals for the Second Circuit, United States District Courts for the Southern and Eastern Districts of New York and in the State of New York, does hereby swear the following is true, under the penalty of perjury:

1. I have personal knowledge of the facts set forth herein.

2. I represent the Defendants-Appellants, Paradise Tree Service and Landscaping Corp. and William Nieto, in this appeal.

3. I also represent myself, Glenn Ingoglia, Pro Se, an Appellant, in the above matter, appealing the issue: 1) Did the lower court abuse its discretion by, sua sponte, ordering further proceedings to determine if the imposition of sanctions, as against me, should be considered?

4. Pursuant to U.S. Court of Appeals, 2nd Circuit, Local Rule 24.1(d)(1), I submit the within Emergency Motion and Affirmation in support, seeking the following relief: 1) Relieving me, the undersigned and Appellant, Glenn J. Ingoglia, Esq., as counsel for the defendants-appellants, Paradise Tree Service and Landscape Corp. and William Nieto; 2) Temporarily staying this action and all proceedings therein, for forty-five (45) days, or other amount of time, to be determined by this Court, for purposes of affording the Defendant-Appellant, William Nieto, time to retain new counsel and submit an appellate brief; 3) Pursuant to U.S. Court of Appeals, 2nd Circuit, Local Rule 27.1(f)(1), Extending the time for Appellant and Defendants-Appellants, to file appeal briefs for forty-five (45) days or some other amount of time to be determined by this Court; 4) Such other and further relief as this Court deems just, proper and equitable.

5. On March 18, 2026, the Defendant-Appellant, William Nieto and I, met in person. I turned over my file regarding this matter and the district court action to Mr. Nieto.

6. At that meeting, on March 18, 2026, the Defendant-Appellant, William Nieto and I executed a consent to change attorney. Mr. Nieto executed the document on behalf of himself individually and as principal of the corporate defendant, defendant-appellant, Paradise Tree Service and Landscape Corp. In addition, Mr. Nieto executed the document as the Incoming Attorney, and I executed the document as the Outgoing Attorney. See copy of executed consent to change attorney attached hereto as Exhibit A.

7. Also, on March 18, 2026, a consent to change attorney, mirroring the one attached to exhibit A, was also executed regarding the District Court action regarding this matter. See Exhibit B.

8. On March 18, 2026, Mr. Nieto and I agreed, I would hold the executed consents for a short period of time, in order to wait for the court's ruling on Plaintiffs-Appellees' motion to dismiss. We agreed that this would be wise in case more immediate work was necessary. I had not been charging Mr. Nieto for several months, at this point, and was dedicated to fulfilling my professional and personal obligations. It was Mr. Nieto's sole idea to terminate my services, in the first instance.

9. My recent termination was not preceded by any disagreement, argument or any "bad feelings" between Mr. Nieto and me. Since I was first retained by Mr. Nieto, soon after the commencement of the lower court action, continuing to the present day, he and I have always maintained a civil and friendly relationship. We have always communicated well with each other.

10. When I sought to be relieved as his counsel in the District Court in February 2024, although we differed in opinion on the amount and types of work that was necessary to adequately prepare for the trial, which in turn, led to fees being an issue, we always communicated with each other and I can say I never harbored resentment or any ill feelings.

11. Upon information and belief, I cannot speak with knowledge about Mr. Nieto's feelings or opinions of me obviously, but upon information and belief, I believe the fact that he re-hired me, after the trial in the lower court, is indicative.

12. Although Mr. Nieto and I executed the Consents (Exhibits A & B) on March 18, 2026, Mr. Nieto first communicated to me he wished to terminate my services on January 15, 2026. He reiterated these wishes via email and letter on January 27, 2026. See communications from January 15, 2026, and January 27, 2026, attached hereto as Exhibit "C."

13. We spoke over the telephone after the first communication and several weeks thereafter including before and after the second communication on the 27th of January. Near the end of January 2026, we were scheduled to meet in order to turn over the file and execute the consents. As I recall, we had to cancel that appointment due to a recent snowfall.

14. Admittedly, my schedule was limited during this period of time, working to get my mother transferred to her home from rehabilitation and dealing with the logistics.

15. On February 2, 2026, as the court may be aware, my mother passed away. Mr. Nieto learned of this and expressed his condolences and offered his services had there been anything I needed, which was very thoughtful and not surprising.

16. My mother's wake and burial were February 10 & 11, 2026, respectively. During this period of time, I still had not turned over the file to Mr. Nieto and not for any other reason except everything that was happening in my personal life regarding my mother's illness and death.

17. About this time, I spoke with Mr. Nieto on the telephone and apologized for the file transfer being delayed. He indicated he understood and was compassionate to me. I assured him that he had not been billed for anything since before he first indicated my services were terminated in January 2026 and he would not be billed for anything

else. I assured him I would do whatever needed to be done until we could execute the exchange of the file, with no charges. I told him I would not do anything without his prior consent and would uphold my word and professional obligations. He acknowledged.

18. After the conclusion of my mother's services on February 11, 2026, I took some time to mourn and be with my family. I did this, with few exceptions, for the rest of February 2026.

19. It was approximately, the first week of March 2026, when I called the court inquiring about the motion to dismiss the appeal filed by plaintiffs-appellees' attorney on February 19, 2026. By this time, my time to file opposition had expired. The court was gracious to afford me extra time to respond to the appellees' attorney's motion, without me having to make an application.

20. I spoke with Mr. Nieto and advised him of the motion and told him, as promised, I would oppose it on behalf of all of us, if he would allow that. He approved and authorized me to do so verbally.

21. I filed opposition on March 16, 2026, on behalf of myself and the Defendants-Appellants.

22. As stated above, Mr. Nieto and I met in person on March 18, 2026. I provided him with a hard copy of the papers I submitted. Also stated above, we turned over the file to him, and we executed the consents, in which, we agreed I would hold in escrow until at least the court's decision on the motion.

23. The Court, learned tending to those professional obligations taking a couple of weeks to mourn my mother's passing, I had learned that on February 19, 2026, a week after

my mother's services, the Appellees' attorney had filed a motion to dismiss the appeal. I found the timing peculiar as the appellees' attorney had last corresponded with me about potentially filing a motion to dismiss on January 23, 2026, almost four (4) weeks prior to his filing and had not mentioned the issue since then.

24. Upon reviewing the motion, I was shocked as it appeared that the appellees' attorney was seeking dismissal of the appeal on grounds that he argued against and provided support for in the lower court, as I indicated in my opposition to his motion for dismissal here.

25. Curiously, appellees' attorney withdrew his motion for dismissal after I filed my opposition and thereby, did not seek a ruling from this court.

26. When I learned of the motion to dismiss filed by appellees' attorney, I immediately advised Mr. Nieto and I promised him I would oppose it on his behalf and the corporate defendant-appellant, if he would allow me or if not then I would seek an immediate application to stay the proceedings. Mr. Nieto stated he wanted me to oppose it on his and the corporate defendant-appellant's behalf. I assured him I would not charge him for doing so. I added we could execute consents to change attorney and exchange the file, after the motion is resolved.

27. On March 16, 2026, with Mr. Nieto's consent, I filed opposition to plaintiffs-appellees' counsel's motion to dismiss, on behalf of myself and the defendants-appellants, Paradise Tree Service and Landscape Corp. and William Nieto.

28. On March 18, 2026, Mr. Nieto and I, met in person, I turned over his file, and we executed the consents to change attorney for this appeal and for the lower court action. See Exhibits A and B.

29. On or about March 23, 2026, the appellees' attorney filed a withdrawal of the motion to dismiss, and the court entered an order reflecting the same, dated March 25, 2026.

30. Shortly thereafter, in early April 2026, I advised Mr. Nieto about the withdrawal of the motion and the court's order setting a deadline for appellant briefs for May 12, 2026.

31. He and I revisited the issue of him proceeding pro se. But, he had not changed his mind and wished to proceed pro se.

32. From late March 27, 2026, and more accurately, since mid-January 2026, Mr. Nieto and I, sometimes would talk about me continuing to represent the defendants-appellants. In other words, the possibility of him recanting his decision to terminate my services and retaining me as counsel.

33. I offered to waive part of my future fees as they are structured. I believe I have offered every option within reason, but to no avail. We still are in communication with each other and have a very good professional and personal relationship.

34. Our ongoing discussions, in attempts to avoid the current situation and prevent my client from, what I consider to be a mistake, a circumstance relevant to this motion being filed, and at this juncture.

35. I sincerely apologize, to the Court, for not only having to make this motion, but for having to do so currently.

36. In the case at bar, there are extraordinary circumstances which caused or substantially contributed, to the undersigned seeking an extension of time for Appellant and Defendants-Appellants to file their briefs and for having to make an emergency motion.

37. The extraordinary circumstances include the passing of my mother in early February 2026 and services continuing until Mid-February 2026, with mourning lasting until March 2026.

38. In addition, although motion practice may not normally be considered extraordinary circumstances which would warrant an extension of time to file briefs, I contend that in this case, coupled with other facts, it rises to the level of extraordinary.

39. Plaintiffs-Appellee's motion to dismiss, respectfully, did not appear to serve a legitimate purpose. The motion was filed a week after my mother's burial. My mother's passing and information regarding her services were posted on social media. Plaintiffs-Appellee's attorney notified me after he filed the motion and in an email with a subject line, which read: "Re: 2025-10-22 Briefing Schedule (SJM Redline) Barahona v Nieto." See Exhibit D.

40. Moreover, the plaintiffs-appellees' motion to dismiss the appeal, were based on grounds that were similar, if not, identical, to issues adjudicated in the lower court, with the movant submitting a letter to the lower court, opposite to the stated position, for making the motion here.

41. I argued this point, in my opposition to the motion to dismiss the appeal. Notably, the Plaintiffs-Appellees withdrew their motion to dismiss the appeal shortly after I filed the opposition, without seeking a decision.

42. As stated, in addition to this, I was also dealing with my client terminating me but then recanting for a time in order that I may oppose the motion to dismiss the appeal on their behalf, as well as mine.

43. On May 5, 2026, I emailed Mr. Nieto, , advising that the deadline for filing briefs is on or before, May 12, 2026.

44. On the date appearing on this affirmation, May 7, 2026, I emailed the Plaintiffs-Appellee's attorney and Defendants-Appellants, Paradise Tree Service and Landscape Corp. and William Nieto.

45. Pursuant to the Local Rules, I respectfully state that I believe the court would need to make a decision granting or denying the request for an extension of time to file briefs, on or before May 12, 2026.  I am advising the clerk contemporaneously with the filing of this motion.

46. Accordingly, I respectfully request that the relief requested herein be granted in its entirety along with such other and further relief as this court deems just and proper.

47. No prior or similar relief requested herein has been made to this or any other court.

WHEREFORE, I respectfully request, Pursuant to U.S. Court of Appeals, 2nd Circuit, Local Rule 24.1(d)(1), the relief requested in the within Emergency Motion and Affirmation in support, be granted as follows: 1) Relieving me, the undersigned and Appellant, Glenn J. Ingoglia, Esq., as counsel for the defendants-appellants, Paradise Tree Service and Landscape Corp. and William Nieto; 2) Temporarily staying this action and all proceedings therein, for forty-five (45) days, or other amount of time, to be determined by this Court, for purposes of affording the Defendant-Appellant, William Nieto, time to retain new counsel and submit an appellate brief; 3) Pursuant to U.S. Court of Appeals, 2nd Circuit, Local Rule 27.1(f)(1), Extending the time for Appellant and Defendants-Appellants, to file appeal briefs for forty-five (45) days or some other amount of time to be determined by this Court; 4) Such other and further relief as this Court deems just, proper and equitable.

Dated: May 7, 2026
Island Park, NY

Respectfully Submitted,

/s/

Glenn J. Ingoglia (GI 1655)
The Law Office of Glenn J. Ingoglia
Appellant Pro Se
Attorney for Defendants-Appellants
PARADISE TREE SERVICE AND
LANDSCAPE, CORP. and
WILLIAM NIETO
104 Long Beach Road
Island Park, NY 11558
(516) 298-6279 - Telephone
glenn@ingoglialaw.com

**EXHIBIT A**

UNITED SHATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Jonatan Barahona, Hector Hernandez,

    Plaintiffs - Appellees,

v.

Glenn Ingoglia,

    Appellant,

Paradise Tree Service and Landscape Corp.,
William Nieto.

    Defendants – Appellants.

Docket No.: 25-2905

**CONSENT TO
CHANGE ATTORNEY**

UPON CONSENT OF THE UNDERSIGNED PARTIES, it is hereby agreed that GLENN J. INGOGLIA, ESQ. is relieved as counsel representing Defendants-Appellants, WILLIAM NIETO and PARADISE TREE SERVICE AND LANDSCAPE CORP. Upon full execution of this Consent agreement, Defendant-Appellant, WILLIAM NIETO, is representing himself, pro se and is advised and understands that he cannot represent the corporate defendant-appellant, PARADISE TREE SERVICE AND LANDSCAPE CORP., because only an Attorney admitted and/or permitted to appear in the above-listed court can represent a corporation. Attorney, Glenn J. Ingoglia, Esq. is relieved from representing both defendants -appellants and defendant-appellant, WILLIAM NIETO, is substituted to represent himself, pro se.

Date: March 18, 2026

_____
Glenn J. Ingoglia – Outgoing Atty.
104 Long Beach Road, Island Park
NY, 11558 – 516-432-0500
glenn@ingoglialaw.com
(GI 1655)

_____
William Nieto-Defendant-Appellant
Principal-Defendant-appellant
PARADISE TREE SERVICE AND
LANDSCAPE CORP.
193 Lafayette Street
Copiague, NY 11726
(516) 770-9737 - nietow@live.com

_____
WILLIAM NIETO – INCOMING PRO SE
Defendant-Appellant, WILLIAM NIETO
193 Lafayette Street, Copiague, NY 11726
(516) 770-9737 - nietow@live.com

Page 1 of 1

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JONATHAN BARAHONA and HECTOR
HERNANDEZ,

Case No.: 21-cv-05400(GRB)(LGD)

Plaintiffs,

**CONSENT TO**
**CHANGE ATTORNEY**

-against-

PARADISE TREE SERVICE & LANDSCAPE
CORP. and WILLIAM NIETO,

Defendants.

-------------------------------------------------------------X

UPON CONSENT OF THE UNDERSIGNED PARTIES, it is hereby agreed that GLENN J. INGOGLIA, ESQ. is relieved as counsel representing Defendants, WILLIAM NIETO and PARADISE TREE SERVICE AND LANDSCAPE CORP. Upon full execution of this Consent agreement, Defendant, WILLIAM NIETO, is representing himself, pro se, and is advised and understands that he cannot represent the corporate defendant, PARADISE TREE SERVICE AND LANDSCAPE CORP., because only an Attorney admitted and/or permitted to appear in the above-listed court can represent a corporation. Attorney, Glenn J. Ingoglia, Esq. is relieved from representing both defendants, and defendant, WILLIAM NIETO, is substituted to represent himself, pro se.

Date: March 18, 2026

Glenn J. Ingoglia – Outgoing Atty.
104 Long Beach Road, Island Park
NY, 11558 – 516-432-0500
glenn@ingoglialaw.com
(GI 1655)

William Nieto-Defendant
Principal-Defendant,
PARADISE TREE SERVICE AND
LANDSCAPE CORP.,
193 Lafayette Street
Copiague, NY 11726
(516) 770-9737 - nietow@live.com

WILLIAM NIETO – INCOMING PRO SE
Defendant, WILLIAM NIETO
193 Lafayette Street, Copiague, NY 11726
(516) 770-9737 - nietow@live.com

Page 1 of 1

**EXHIBIT C**

| From: | william nieto |
| To: | glenn ingoglia |
| Subject: | William |
| Date: | Thursday, January 15, 2026 7:10:43 PM |
| Attachments: | IMG_5712.PNG |
| | IMG_5713.PNG |
| | IMG_5714.PNG |

Nieto

# Attn: Glenn J. Ingoglia, Esq.
# THE LAW OFFICE OF GLENN J. INGOGLIA

**Dear Mr. Ingoglia,**

**Please be advised that effective immediately, I hereby terminate and discharge you and your law office as counsel of record in connection with my case. This decision is final.**

## glenn ingoglia

**From:** william nieto <nietow@live.com>
**Sent:** Tuesday, January 27, 2026 4:26 PM
**To:** glenn ingoglia
**Subject:** Nieto

William

**WILLIAM NIETO**
193 Lafayette St
Copiague, Ny 11726
Ph: (516) 770-9737

*Re: Termination of Legal Representation*
*Attn: Glenn J. Ingoglia*
*Esq. THE OFFICE OF GLENN J. INGOGLI*

Dear Mr. Ingoglia,

This letter serves as formal notice that I here
as counsel of record in connection with my c

You are hereby directed to cease and
communication, negotiation, or representatio

Please be advised that an initial letter provic
2026. This letter, dated January 27, 2026, cc

**EXHIBIT D**

**From:** Steven Moser
**To:** glenn ingoglia
**Subject:** Re: 2025-10-22 Briefing Schedule (SJM Redline) Barahona v Nieto
**Date:** Thursday, February 19, 2026 3:27:40 PM

Glenn

Today we filed a motion to dismiss with the 2^nd^ Circuit.

 **Steven J. Moser** | Attorney
Moser Law Firm, PC
453 W. Main Street, Huntington, NY 11743
O: 631.759.9766 | www.moserlawfirm.com
steven.moser@moserlawfirm.com

---

**From:** glenn ingoglia <glenn@ingoglialaw.com>
**Sent:** Friday, January 23, 2026 4:24 PM
**To:** Steven Moser <steven.moser@moserlawfirm.com>
**Cc:** glenn ingoglia <glenn@ingoglialaw.com>
**Subject:** Re: 2025-10-22 Briefing Schedule (SJM Redline) Barahona v Nieto

Steve

My answer is the same. Do as you see fit without making any representations for me. Thank you.

Glenn J Ingoglia, Esq.
The Law Office of Glenn J Ingoglia
104 Long Beach Road
Island Park, NY 11558